## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities,

*Plaintiff*

v.

THE UNITED STATES and THE UNIVERSITY OF PENNSYLVANIA,

*Defendants*

No. _____

**PRO SE PLAINTIFF'S COMPLAINT**

JURY TRIAL DEMANDED

Dated: April 7, 2024

## JURISDICTION

1. All defendants are subject to general jurisdiction within this Federal district court.

2. Plaintiff Raj K. Patel is an out-of-state citizen and claims an injury over $75,000.00.  § 1332.

3. The laws of the common law, the Federal common law, see also P.R. const. art. II, § 8 (requiring action from the Federal government), other United States laws, and laws of Indiana, Pennsylvania, Georgia, California, and Delaware shall govern.  § 1367.  U.S. const. amend. XIV, § 1, cls. 2-3.  42 U.S.C. § 1981.

4. There is federal question jurisdiction.  § 1331.

5. The United States is a defendant.  § 1346.

6. Title VI prohibits discrimination based on "race, color, or national origin …under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. https://www.justice.gov/crt/fcs/T6Manual1.

## VENUE

7.  This district court is proper because it has jurisdiction over the laws of contracts, torts, federal privacy laws, and personal property.

8.  Defendant University of Pennsylvania is seated within the encompassing district court.

9.  The United States is always present here.

**PARTIES**

10. Plaintiff Raj K. Patel

    a.  Patel is a natural-born United States citizen.[1]

    b.  Patel plans on running for the United States Presidency.

    c.  Patel's national origin is from a country in Asia.[2]

        i.  Patel is a Oversee Citizen of India ("OCI") card holder.

    d.  On the Common Application, Patel properly indicates "Asian," "South Asian," or "East Indian" for race and national origin requested demographic information.

    e.  Patel is brown/tan-brown skinned.

11. Defendant The United States

    a.  The United States is the dominate governmental sovereign in which all the other defendants are subjects as instrumentalities, agencies, or agents.  See also 42 U.S.C. §§ 2000bb et seq.

12. The University of Pennsylvania ("UPenn")

    a.  UPenn is subject to general jurisdiction herein.

_____

[1] See also Privileges or Immunities Cl., U.S. const. amend. XIV, § 1, cl. 2.
[2] Id.

b.  Plaintiff Patel submitted an undergraduate application to them in the Fall 2009 semester for admissions in Fall 2010 for the UPenn College undergraduate class of 2014.

c.  Plaintiff Patel submitted a law school application to them in the Fall 2014 semester for admissions in Fall 2015 for the UPenn Law School class of 2018.

d.  UPenn receives Federal financial assistance, for its undergraduate and law school.

## STATEMENT OF FACTS

13. All claims are against each defendant together and individually in all permutations.

14. On June 29, 2023, the United States Supreme Court held that UPenn, from 2009 to 2018, in violation of Title VI of the Civil Rights Act of 1964, discriminated against Asian-American applicants, a group that Plaintiff Patel belongs to for consideration of both undergraduate and law school admissions and programs. Students for Fair Admissions v. Harvard, 600 U.S. 181, No. 20-1199 (2023). 42 U.S.C. §§ 1981 et seq.

15. Patel would have been admitted to University of Pennsylvania for the UPenn undergraduate class of 2014 and UPenn Law School class of 2018 without the illegal and unconstitutional discrimination found by the Supreme Court.

16. For the undergraduate UPenn class of 2014, UPenn had approximately 10,610 students.

17. For the UPenn Law School class of 2018, UPenn had approximately 248 students.

18. All facts and claims are to be interpreted under all applicable laws and those mentioned *infra*, as favorable to plaintiff to the fullest extent allowable by law.

19. Parasitic damages attach to all intentional claims. 27 Harv. L. Rev. 87.

20. Defendant-The United States should be liable as principal. Rest. (3d) Agency § 7.03.

## CLAIMS

### Claim 1. Intentional Discrimination # 1

21. Plaintiff incorporates the paragraphs above and below.

22. In Fall 2009 or Spring 2010, becoming known in 2023, UPenn discriminated against Patel based on race, color, and/or national origin for an undergraduate degree, as found by the Supreme Court. 42 U.S.C. § 2000d.  https://www.justice.gov/crt/fcs/T6Manual1.

23. Wherefore Patel demands judgment against UPenn in the sum of $332,000,000 (10 years of discrimination from 2009 to 2018, as found by the Supreme Court) in punitive damages, $40,000,000.00 in compensatory damages, emotional distress of $100,000,000.00, $40,000,000 in expectation damages, $100,000,000 in humiliation damages, $40,000,000 in mental pain and suffering damages, and $5,000,000 in parasitic damages.

### Claim 2. Intentional Discrimination # 2

24. Plaintiff incorporates the paragraphs above and below.

25. In Fall 2014 or Spring 2015, becoming known in 2023, UPenn discriminated against Patel based on race, color, and/or national origin for a juris doctor/law degree, as found by the Supreme Court.  42 U.S.C. § 2000d. https://www.justice.gov/crt/fcs/T6Manual1.

26. Wherefore plaintiff demands judgment against UPenn in the sum of $332,000,000 (10 years of discrimination from 2009 to 2018, as found by the Supreme Court), $40,000,000.00 in compensatory damages, emotional distress of $100,000,000, $15,000,000 in parasitic damages, $40,000,000 in expectation damages, $100,000,000 in humiliation damages, and $40,000,000 in mental pain and suffering damages.

### Claim 3. Intentional Discrimination # 3

27. Plaintiff incorporates the paragraphs above and below.

28. Intentional discrimination #1 & #2 combined.

29. Wherefore plaintiff demands judgment against UPenn in the sum of $1,280,000,000 (10 years of discrimination from 2009 to 2018, as found by the Supreme Court), in $100,000,000.00 in compensatory damages, emotional distress of $100,000,000.00, $25,000,000 in parasitic damages, $40,000,000 in expectation damages, $100,000,000 in humiliation damages, and $40,000,000 in mental pain and suffering damages.

**Claim 4. Breach of Contract # 1[3]**

30. Plaintiff incorporates the paragraphs above and below.

31. On or about Fall 2009 to Spring 2010, Patel and UPenn entered into agreement by which UPenn promised Patel a fair and equal evaluation of his undergraduate admissions application for a bachelors degree.

    a. Consideration: For $80 or so dollars, UPenn will evaluate plaintiff's undergraduate application, according to law, for a chance to be admitted into UPenn's incoming undergraduate class.

    b. Offer:  For $80 or so dollars, UPenn offered Patel a review of UPenn's undergraduate application, according to law, so that Patel may be considered for admissions into UPenn's incoming undergraduate class of 2014.  UPenn told Patel that he can accept the offer by submitting his application via the Common Application website and paying the $80 or so fee there too.

---

[3] Douglas Laycock, Modern American Remedies: Cases and Materials 544 (4th ed. 2010) (intentional discrimination cases are breaches of contract).

    c.   Acceptance:  Patel accepted UPenn's offer by submitting the application over the Common Application website and paid the $80 fee.

    d.   Mutual Assent/Meeting of the Minds:  In Fall 2009 or beginning of 2010, Patel accepted UPenn's offer the way UPenn wanted Patel to accept the application, and UPenn followed up with a confirmation email that Patel's application was complete and then later in April 2010 UPenn released a decision on Patel's undergraduate application.

32. UPenn breached the agreement by discriminating against Patel by the said conduct found by the Supreme Court in 2023.

33. Patel suffered damages from UPenn's breach.

34. Breach of Implied Covenant of Good Faith and Fair Dealing: UPenn's breach caused Patel to lose his federal governmental contract.  See Patel v. United States, No. 1:22-cv-1446-LAS (C.F.C. 2022) (Tucker Act v. Presidential constitutional promise making powers).

35. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000.00 to $2,692,902,880 (10,610 undergraduate students in each class * $63,452 yearly cost * 4 years) in restitution damages, $100 million in loss of opportunity damages, and $10 billion for consequential damages, and interests and costs.

### Claim 6. Breach of Contract #2[4]

36. Plaintiff incorporates the paragraphs above and below.

---

[4] Douglas Laycock, Modern American Remedies: Cases and Materials 544 (4th ed. 2010) (intentional discrimination cases are breaches of contract).

37.  On or about Fall 2014 to Spring 2015, Patel and UPenn entered into agreement by which UPenn promised Patel a fair and equal evaluation of his law school admissions application for a juris doctor degree.

    a.  Consideration: For $80 or so dollars, UPenn will evaluate plaintiff's law school application, according to law, for a chance to be admitted into UPenn's incoming law school class of 2018.

    b.  Offer:  For $80-$150 or so dollars, UPenn offered Patel a review of UPenn's law school application, according to law, so that Patel may be considered for admissions into UPenn's incoming law school class of 2018.  UPenn told Patel that he can accept the offer by submitting his application via the LSAC's website and paying the $80 or so fee there too.

    c.  Acceptance:  Patel accepted UPenn's offer by submitting the application over the LSAC's website and paid the $80-$150 fee.

    d.  Mutual Assent/Meeting of the Minds:  In late 2014 or 2015, Patel accepted UPenn's offer the way UPenn wanted Patel to accept the application, and UPenn followed up with a confirmation email that Patel's application was complete and then later in 2014 or early 2015 UPenn released a decision on Patel's law school application.

38. UPenn breached the agreement by discriminating against plaintiff by the said conduct found by the Supreme Court in 2023.

39. Breach of Implied Covenant of Good Faith and Fair Dealing: UPenn's breach caused Patel to lose his federal governmental contract.  See Patel v. United States, No. 1:22-

cv-1446-LAS (C.F.C. 2022) (Tucker Act v. Presidential constitutional promise making powers).

40. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000.00 to $78,813,408 (248 law school students * $105,932 yearly cost of attendance * 3 years) in restitution damages, $500 million in loss of opportunity damages, $300 million in incidental damages, $10 billion for consequential damages, and interests and costs.

### Claim 7. Breach of Contract #3[5]

41. Plaintiff incorporates the paragraphs above and below.

42. Wherefore plaintiff demands judgment against UPenn in the sum of $3 billion in compensatory and restitution damages, $10 billion for consequential damages, and interests and costs.

### Claim 8. Fraud #1

43. Plaintiff incorporates the paragraphs above.

44. On or about 2009, UPenn and plaintiff were negotiating concerning the purchase by plaintiff from UPenn of the following: undergraduate admissions/degree from UPenn College, for the class 2014.

45. At that time UPenn represented to plaintiff that UPenn would evaluate the undergraduate admissions applications according to law without unlawful or invalid discrimination standards against plaintiff.

---

[5] Douglas Laycock, Modern American Remedies: Cases and Materials 544 (4th ed. 2010) (intentional discrimination cases are breaches of contract).

46. The representations made by the UPenn were false and UPenn knew that they were false, and UPenn, without knowledge of the true facts, recklessly misrepresented them and were made with the intention that plaintiff should rely upon them.

47. Plaintiff believed the representations and in reliance upon them submit the common application for a degree from UPenn University.

48. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 and plus punitive damages of $10,000,000.00.

**Claim 9. Fraud #2**

49. Plaintiff incorporates the paragraphs above.

50. On or about Fall 2014, UPenn and plaintiff were negotiating concerning the purchase by plaintiff from UPenn of the following: law school admissions/degree from UPenn Law School, for the class 2018.

51. At that time UPenn represented to plaintiff that UPenn would evaluate the law school admissions applications according to law without unlawful or invalid discrimination standards against plaintiff.

52. The representations made by the UPenn were false and UPenn knew that they were false, and UPenn, without knowledge of the true facts, recklessly misrepresented them and were made with the intention that plaintiff should rely upon them.

53. Plaintiff believed the representations and in reliance upon them submit the LSAC application for a degree from UPenn University.

54. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 plus punitive damages of $10,000,000.00.

**Claim 10. Trespass to Conversion**

55. Plaintiff incorporates the paragraphs above.

56. On or about Fall 2009, the UPenn committed a trespass to conversion the plaintiff's UPenn undergraduate admissions application.

57. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 and costs.

### Claim 11. Trespass to Conversion

58. On or about Fall 2014, the defendants committed a trespass to conversion the plaintiff's UPenn law school admissions application.

59. Wherefore plaintiff demands judgment against defendants in the sum of $40,000,000 and costs.

### Claim 12. Invasion of Privacy by Unreasonable Intrusion – Indiana[6]

60. Plaintiff incorporates the paragraphs above.

61. Each Defendant's conduct made Patel feel othered and helpless and was detrimental to his emotional privacy or solace, especially by the lingering memory of the defendant's acts and serves as a burden to plaintiff's own existence.[7]

62. As a proximate consequence of each defendant's said intentional act, the Patel was caused to suffer the following injuries and damages: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

---

[6] Carson v. Palombo, 18 N.E.3d 1036, 1048 (Ind. Ct. App. 2014) (invasion of privacy seclusion false light when referred to by different terms). Cf. Ledbetter v. Ross, 725 N.E.2d 120, 122 (Ind. Ct. App. 2000) (citing Creel v. I.C.E. & Assoc., Inc., 771 N.E.2d 1276, 1280 (Ind. Ct. App. 2002)). Henry v. Cmty. Healthcare Sys. Cmty. Hosp., 184 N.E.3d 645, 652 (Ind. Ct. App. 2022) (invasion of privacy by emotional solace is recognizable). Moffett v. Gene B. Glick Co., Inc., 604 F.Supp. 229, 235-36 (N.D.I.N. 1984) (discriminatory racial comments, derogatory remarks are sufficient for invasion of privacy; racism causing breach of contract and fraud is also invasion of privacy).

[7] Branham v. Celadon Trucking Servs., Inc., 744 N.E.2d 514, 524 (Ind. Ct. App. 2001).

63. Wherefore plaintiff demands judgment against UPenn and the United States in the sum of $40,000,000 in compensatory damages, $10,000,000 in punitive damages, $10,000,000 in parasitic damages, and $40,000,000 in mental pain and suffering.

### Claim 13. Invasion of Privacy by Unreasonable Intrusion – Georgia[8]

64. Plaintiff incorporates the paragraphs above.

65. Each Defendant's said conduct/conducts lingers permanent on his application history and each time he hears the word "UPenn" and disparages his emotional solace with this lingering memory of the defendant's acts and serves as a substantial burden to Patel's existence.[9]

66. As a proximate consequence of the defendant's said intentional act/acts, the plaintiff was caused to suffer the following injuries and damages: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

67. Wherefore plaintiff demands judgment against UPenn and the United States in the sum of $40,000,000 in compensatory damages, $10,000,000 in punitive damages, $10,000,000 in parasitic damages, and $40,000,000 in mental pain and suffering.

### Claim 14. Invasion of Privacy by Unreasonable Intrusion – Delaware

68. Plaintiff incorporates the paragraphs above.

69. As a proximate consequence of the UPenn's and the United States' said intentional act, the plaintiff was caused to suffer the following injuries and damages:[10] mental pain

---

[8] Udoinyion v. Re/Max of Atlanta, 657 S.E.2d 644, 648 (Ga. Ct. App. 2008). Anderson v. Mergenhagen, 642 S.E.2d 105, 109 (Ga. Ct. App. 2007) (trespass possible to hotel rooms). Restatement (Second) of Torts § 652B (1977).
[9] Benedict v. St. Farm Bank, FSB, 709 S.E.2d 314, 318 (Ga. Ct. App. 2011) ("substantial burden to his existence.").
[10] State v. Holden, 54 A.3d 1123, 1128-29 (Del. Super. Ct. 2010) (Expectations Damages).

and suffering, panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

70. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 in compensatory damages, $40,000,000 in expectation damages, $10,000,000 in punitive damages, $10,000,000 in parasitic damages, and $40,000,000 in mental pain and suffering.

### Claim 15. Intentional Infliction of Emotional Distress

71. Plaintiff incorporates the paragraphs above.

72. On or about Fall 2009 or Spring 2010, becoming known in 2023, UPenn committed intentional inflicted emotional distress on the plaintiff.

    a.  The extreme and outrageous conduct[11] was discriminating against Patel under racial lines, even though Ordered Liberty is applied under the highest law of Privilege/social status as "The Excellent," the highest constitutional state status of the Basis of the United States.

    b.  The by extreme and outrageous conduct was said by not owning up its own intentional discrimination.

73. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 in compensatory damages, $10,000,000 in punitive damages, and $10,000,000 in parasitic damages.

### Claim 16. Intentional Infliction of Emotional Distress

74. Plaintiff incorporates the paragraphs above.

---

[11] Spence v. Cherian, 135 A.3d 1282, 1289 (Del. Super. Ct. 2016) (Extreme and outrageous conduct is that which "exceeds the bounds of decency and is regarded as intolerable in a civilized community.").

75. On or about Fall 2014 or Spring 2015, becoming known in 2023, UPenn committed intentional inflicted emotional distress on the plaintiff.

   a. The extreme and outrageous conduct[12] was discriminating against Patel under racial lines, even though Ordered Liberty is applied under the highest law of Privilege/social status as "The Excellent, The Excellent," two of the highest constitutional state status of the Basis of the United States.

   b. The by extreme and outrageous conduct was said by not owning up its own intentional discrimination.

76. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 in compensatory damages, $10,000,000 in punitive damages, and $10,000,000 in parasitic damages.

## Claim 17. Negligent Infliction of Emotional Distress – Indiana

77. Plaintiff incorporates the paragraphs above.

78. On or about Fall 2009 and Spring 2010, becoming known in 2023, UPenn's said negligence or wantonness or recklessness had an impact on plaintiff.

79. As a consequence of the defendant's said negligence or wantonness or recklessness, the plaintiff was caused to suffer emotional trauma: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

80. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 in compensatory damages and $10,000,000 in punitive damages.[13]

---

[12] Spence v. Cherian, 135 A.3d 1282, 1289 (Del. Super. Ct. 2016) (Extreme and outrageous conduct is that which "exceeds the bounds of decency and is regarded as intolerable in a civilized community.").

[13] Ketchmark v. N. Ind. Pub. Serv. Co., 818 N.E.2d 522, 523 (Ind. Ct. App. 2004).

## Claim 18. Negligent Infliction of Emotional Distress – Georgia

81. Plaintiff incorporates the paragraphs above.

82. On or about Fall 2009 and Spring 2010, becoming known in 2023, UPenn's said negligence or wantonness or recklessness had an impact on plaintiff.

83. Defendant's said negligence was malicious, wilful, or wanton, and was directed toward the plaintiff.

84. As a consequence of the UPenn's said negligence or wantonness or recklessness, the plaintiff was caused to suffer emotional distress.[14]

85. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 in compensatory damages and $10,000,000 in punitive damages.

## Claim 19. Negligent Infliction of Emotional Distress – Delaware

86. Plaintiff incorporates the paragraphs above.

87. On or about Fall 2009 and Spring 2010, becoming known in 2023, UPenn's said negligence or wantonness or recklessness caused plaintiff fright.

88. Plaintiff was in the zone of danger when he was applying for undergraduate admissions, a competitive, international process.

89. As a consequence of the UPenn's said negligence or wantonness or recklessness that resulted in contemporaneous shock, the plaintiff was caused to suffer emotional distress by the production of panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.[15]

---

[14] Hill v. Ford Motor Co., 975 F. Supp. 2d 1351, 1361 (N.D. Ga. 2013) (citing Ryckeley v. Callaway, 412 S.E.2d 826, 826 (Ga. 1992)).

[15] Fanean v. Rite Aid Corp. of Del., Inc., 984 A.2d 812, 820-21 (Del. Super. Ct. 2009) (depression and anxiety constitute physical injury; plaintiff in zone of danger when disclosure to third party). Elsey-Jones v. Gullion, 2018 WL 2727574 * 4 nn. 30 & 45 (Del. Super. Ct. June 5, 2018) (To prove NIED, a plaintiff must show: "(1) negligence

90. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 in compensatory damages and $10,000,000 in punitive damages.

### Claim 20. Negligent Infliction of Emotional Distress – Indiana

91. Plaintiff incorporates the paragraphs above.

92. On or about Fall 2014 and Spring 2015, becoming known in 2023, UPenn's said negligence or wantonness or recklessness had an impact on plaintiff.

93. As a consequence of the UPenn's said negligence or wantonness or recklessness, the plaintiff was caused to suffer emotional trauma: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

94. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 in compensatory damages and $10,000,000 in punitive damages.[16]

### Claim 21. Negligent Infliction of Emotional Distress – Georgia

95. Plaintiff incorporates the paragraphs above.

96. On or about Fall 2014 and Spring 2015, becoming known in 2023, UPenn's said negligence or wantonness or recklessness had an impact on plaintiff.

97. Defendant's said negligence was malicious, wilful, or wanton, and was directed toward the plaintiff.

98. As a consequence of the UPenn's said negligence or wantonness or recklessness, the plaintiff was caused to suffer emotional distress.[17]

---

causing fright to someone; (2) in the zone of danger; (3) producing physical consequences to that person as a result of the contemporaneous shock.") (zone of danger; expert witness not required).

[16] Ketchmark v. N. Ind. Pub. Serv. Co., 818 N.E.2d 522, 523 (Ind. Ct. App. 2004).

[17] Hill v. Ford Motor Co., 975 F. Supp. 2d 1351, 1361 (N.D. Ga. 2013) (citing Ryckeley v. Callaway, 412 S.E.2d 826, 826 (Ga. 1992)).

99. Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 in compensatory damages and $10,000,000 in punitive damages.

### Claim 22. Negligent Infliction of Emotional Distress – Delaware

100.    Plaintiff incorporates the paragraphs above.

101.    On or about Fall 2014 and Spring 2015, becoming known in 2023, UPenn's said negligence or wantonness or recklessness caused plaintiff fright.

102.    Plaintiff was in the zone of danger when he was applying for law school admissions, a competitive, international process.

103.    As a consequence of the UPenn's said negligence or wantonness or recklessness that resulted in contemporaneous shock, the plaintiff was caused to suffer emotional distress by the production of panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.[18]

104.    Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 in compensatory damages and $10,000,000 in punitive damages.

### Claim 23. The Law Merchant # 1

105.    Plaintiff incorporates the paragraphs above.

106.    In or about Fall 2009 or Spring 2010, UPenn merchant violated Title VI by discriminating against Patel based on race, color, and/or national origin, as found by the Supreme Court in 2023, in violation of contemporaneous business guidelines against racism.

---

[18] Fanean v. Rite Aid Corp. of Del., Inc., 984 A.2d 812, 820-21 (Del. Super. Ct. 2009) (depression and anxiety constitute physical injury; plaintiff in zone of danger when disclosure to third party). Elsey-Jones v. Gullion, 2018 WL 2727574 * 4 nn. 30 & 45 (Del. Super. Ct. June 5, 2018) (To prove NIED, a plaintiff must show: "(1) negligence causing fright to someone; (2) in the zone of danger; (3) producing physical consequences to that person as a result of the contemporaneous shock.") (zone of danger; expert witness not required).

107.    UPenn's actions harmed plaintiff, including but not limited, losing his federal governmental contract, panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

108.    Wherefore plaintiff demands judgment against UPenn in the sum of $40,000,000 in compensatory damages, $280,000,000 in punitive damages, $10,000,000 in restitution damages, $25,000,000 in parasitic damages, and $75,000,000 in humiliation.

### Claim 24. The Law Merchant # 2

109.    Plaintiff incorporates the paragraphs above.

110.    In or about Fall 2014 or Spring 2015, UPenn merchant violated Title VI by discriminating against Patel based on race, color, and/or national origin, as found by the Supreme Court in 2023, in violation of contemporaneous business guidelines against racism.

111.    Merchant here did not keep its word with willful indifference or use the level of ordinary care a prudent person would use or unreasonably in a situation where a name was not signed but rather another, improper word.

112.    As a proximate consequence of the defendant's said behavior, the plaintiff was caused to suffer the following injuries and damages: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

113.    Wherefore plaintiff demands judgment against UPenn in the sum $40,000,000 in compensatory damages, $280,000,000 in punitive damages, $10,000,000 in restitution damages, $25,000,000 in parasitic damages, and $100,000,000 in humiliation.

### Claim 25. Failure to Protect #1

114.    For the UPenn undergraduate application cycle of 2009-2010, the defendant United States, as principal and alter ego, failed to protect Plaintiff Patel for its agent's/agents'/instrumentality's/instrumentalities' or other UPenn's action/actions.

115.    Wherefore plaintiff demands judgment against defendant United States in the sum of $40,000,000 in compensatory damages, $40,000,000 in expectation damages and $332,000,000 in punitive damages.

### Claim 26. Failure to Protect #2

116.    For the UPenn law school application cycle of 2014-2015, the defendant United States, as principal and alter ego, failed to protect Plaintiff Patel for its agent's/agents'/instrumentality's/instrumentalities' or other UPenn's action/actions.

117.    Wherefore plaintiff demands judgment against defendant United States in the sum of $40,000,000 in compensatory damages, $40,000,000 in expectation damages and $332,000,000 in punitive damages.

### Claim 27. Abuse of Process #1

118.    In Fall 2009 and Spring 2010, the UPenn committed an abuse of process on the plaintiff by needing his undergraduate application to improve its rankings and information on the Indian-American community.

119.    Wherefore plaintiff demands judgment against defendant United States in the sum of $40,000,000 in compensatory damages, $40,000,000 in expectation damages and $332,000,000 in punitive damages.

### Claim 28. Abuse of Process #2

120.    In Fall 2014 and Spring 2015, the UPenn committed an abuse of process on the plaintiff by needing his law school application to improve its rankings and information on the Indian-American community.

121.    Wherefore plaintiff demands judgment against defendant United States in the sum of $40,000,000 in compensatory damages, $40,000,000 in expectation damages and $332,000,000 in punitive damages.

### Claim 29. RIL – Indiana ("the thing speaks for itself")[19]

122.    Plaintiff incorporates the paragraphs above.

123.    Admissions of 2009-10 is the UPenn's regular business.  UPenn has exclusive control of admissions.

124.    The decision makers are in UPenn's exclusive control.

125.    Defendants committed the said discriminatory act against plaintiff in 2009-2010.

126.    As a proximate consequence of the UPenn's said negligence or wantonness or recklessness because UPenn did not use proper care, the plaintiff was caused to suffer the following injuries and damages: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

127.    Patel did not act carelessly.

128.    Wherefore plaintiff demands judgment against UPenn in the sum of $100,000,000 in compensatory damages and costs.

### Claim 30. RIL – Georgia[20]

129.    Plaintiff incorporates the paragraphs above.

---

[19] Gary Cmty. Sch. Corp. v. Lardydell, 8 N.E.3d 241, 247 (Ind. Ct. App. 2014).
[20] Williams v. Am. Med. Sys., 548 S.E.2d 371, 374 (Ga. Ct. App. 2001).

130.    The facts of discrimination and invalid 2009-10 admissions decisions are what can reasonably transpire or predict if UPenn disregard fairness and equality policies or do not properly monitor.

131.    The principal basis for application of the rule of res ipsa loquitur is that the occurrence involved would not have occurred but for negligence, and this negligence may properly be charged to the person in exclusive control of the instrumentality.

132.    As a proximate consequence of the UPenn's said negligence or wantonness or recklessness because UPenn did not use proper care, the plaintiff was caused to suffer the following injuries and damages: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

133.    Wherefore plaintiff demands judgment against UPenn in the sum of $100,000,000 in compensatory damages and costs.

## Claim 31. RIL – Delaware[21]

134.    Plaintiff incorporates the paragraphs above.

135.    Admissions of 2009-10 is in the regular business of UPenn.  UPenn is assumed to be in control, if not exclusive control, of the situation.

136.    Admissions processes in UPenn's control, if not, exclusive control.

137.    The doctrine of res ipsa loquitur was established for plaintiffs who, through no fault of their own, are unable to prove their case except for the occurrence of the accident.

138.    As a proximate consequence of the UPenn's said negligence or wantonness or recklessness because UPenn did not use proper care, the plaintiff was caused to suffer

---

[21] Moore v. Anesthesia Servs., P.A., 966 A.2d 830, 840 (Del. Super. Ct. 2008)

the following injuries and damages: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

139.    Wherefore plaintiff demands judgment against UPenn in the sum of $100,000,000 in compensatory damages and costs.

### Claim 32. RIL – Indiana ("the thing speaks for itself")[22]

140.    Plaintiff incorporates the paragraphs above.

141.    Admissions of 2014-15 is UPenn's regular business.  UPenn has exclusive control of admissions.

142.    The decision makers are in UPenn's exclusive control.

143.    Defendants committed the said discriminatory act against plaintiff in 2014-2015.

144.    As a proximate consequence of the UPenn's said negligence or wantonness or recklessness because UPenn did not use proper care, the plaintiff was caused to suffer the following injuries and damages: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

145.    Patel did not act carelessly.

146.    Wherefore plaintiff demands judgment against UPenn in the sum of $100,000,000 in compensatory damages and costs.

### Claim 33. RIL – Georgia[23]

147.    Plaintiff incorporates the paragraphs above.

---

[22] <u>Gary Cmty. Sch. Corp. v. Lardydell,</u> 8 N.E.3d 241, 247 (Ind. Ct. App. 2014).
[23] <u>Williams v. Am. Med. Sys.,</u> 548 S.E.2d 371, 374 (Ga. Ct. App. 2001).

148.    The facts of discrimination and invalid 2014-15 admissions decisions are what can reasonably transpire or predict if UPenn disregard fairness and equality policies or do not properly monitor.

149.    The principal basis for application of the rule of res ipsa loquitur is that the occurrence involved would not have occurred but for negligence, and this negligence may properly be charged to the person in exclusive control of the instrumentality.

150.    As a proximate consequence of the defendant's said negligence or wantonness or recklessness because UPenn did not use proper care, the plaintiff was caused to suffer the following injuries and damages: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

151.    Wherefore plaintiff demands judgment against UPenn in the sum of $100,000,000 in compensatory damages and costs.

### Claim 34. RIL – Delaware[24]

152.    Plaintiff incorporates the paragraphs above.

153.    Admissions of 2014-15 is in the regular business of UPenn.  UPenn is assumed to be in control, if not exclusive control, of the situation.

154.    Admissions processes in UPenn's control, if not, exclusive control.

155.    The doctrine of res ipsa loquitur was established for plaintiffs who, through no fault of their own, are unable to prove their case except for the occurrence of the accident.

156.    As a proximate consequence of the defendant's said negligence or wantonness or recklessness because UPenn did not use proper care, the plaintiff was caused to suffer

---

[24] Moore v. Anesthesia Servs., P.A., 966 A.2d 830, 840 (Del. Super. Ct. 2008)

the following injuries and damages: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

157.    Wherefore plaintiff demands judgment against UPenn in the sum of $100,000,000 in compensatory damages and costs.

## Claim 35. Conspiracy #1

158.    Plaintiff incorporates the paragraphs above.

159.    Each defendant together committed an intentional conspiracy against plaintiff Patel to deny him admissions into UPenn College as shown through the unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court.

160.    Wherefore plaintiff demands judgment against UPenn in the sum of $200,000,000 and costs.

## Claim 36. Conspiracy #2

161.    Plaintiff incorporates the paragraphs above.

162.    Each defendant together committed an intentional conspiracy against plaintiff Patel to deny him admissions into UPenn Law School as shown through the unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court.

163.    Wherefore plaintiff demands judgment against UPenn in the sum of $200,000,000 and costs.

## Claim 37. Conspiracy #3

164.    Plaintiff incorporates the paragraphs above.

165.    Conspiracy #1 and Conspiracy #2 together.  Each defendant together committed an intentional conspiracy against plaintiff Patel to deny him admissions into UPenn College and then UPenn Law School as shown through the unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court.

166.    Wherefore plaintiff demands judgment against UPenn in the sum of $400,000,000 and costs.

**Claim 38. Conspiracy #4[25]**

167.    Plaintiff incorporates the paragraphs above.

168.    Each defendant together committed an intentional conspiracy against plaintiff Patel to deprive him of his presidential promise/contract as shown through the unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court and the deliberately indifferent, willfully blind, or negligent monitoring and oversight of admissions into UPenn College.

169.    Wherefore plaintiff demands judgment against UPenn in the sum of $400,000,000 and costs.

**Claim 39. Conspiracy #5[26]**

170.    Plaintiff incorporates the paragraphs above.

171.    Each defendant together committed an intentional conspiracy against plaintiff Patel to deprive him of his presidential promise/contract as shown through the

---

[25] Thomas v. Town of Chelmsford, 267 F.Supp.3d 279, 314 (D. Mass. 2017).  Echavarria v. Roach, 565 F.Supp.3d 51, 93 (D. Mass. 2021).
[26] Thomas v. Town of Chelmsford, 267 F.Supp.3d 279, 314 (D. Mass. 2017).  Echavarria v. Roach, 565 F.Supp.3d 51, 93 (D. Mass. 2021).

unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court and the deliberately indifferent, willfully blind, or negligent monitoring and oversight of admissions into UPenn Law School.

172.    Wherefore plaintiff demands judgment against UPenn in the sum of $400,000,000 and costs.

### Claim 40. Conspiracy #6[27]

173.    Plaintiff incorporates the paragraphs above.

174.    Each defendant together committed an intentional conspiracy against plaintiff Patel to deprive him of his presidential promise/contract as shown through the unconstitutional (unfair and unequal) admissions policies found to be discriminatory against Plaintiff Patel, an Asian-American, by the Supreme Court and the deliberately indifferent, willfully blind, or negligent monitoring and oversight of admissions into UPenn College and UPenn Law school.

175.    Wherefore plaintiff demands judgment against UPenn in the sum of $400,000,000 and costs.

### Claim 41. Unjust Enrichment #1

176.    Plaintiff incorporates the paragraphs above.

177.    In Fall 2009 or Spring 2010, UPenn undergraduate programs received Patel's undergraduate applications for which UPenn used to help decide its upcoming undergraduate class.

---

[27] Thomas v. Town of Chelmsford, 267 F.Supp.3d 279, 314 (D. Mass. 2017).  Echavarria v. Roach, 565 F.Supp.3d 51, 93 (D. Mass. 2021).

178.    UPenn's decision was found by the Supreme Court to be detrimental to Patel's application of UPenn undergraduate admissions in violation of Title VI.

179.    Patel had detrimentally relied on UPenn to not violate Title VI for the review of his UPenn undergraduate application.

180.    Wherefore plaintiff demands judgment against UPenn in the sum of $400,000,000 in compensatory damages, $4,000,000,000 in consequential damages.

### Claim 42. Unjust Enrichment #2

181.    Plaintiff incorporates the paragraphs above.

182.    In Fall 2014 and Spring 2015, UPenn law school programs received Patel's law school applications for which UPenn used to help decide its upcoming law school class.

183.    UPenn's decision was found by the Supreme Court to be detrimental to Patel's application of UPenn law school admissions in violation of Title VI.

184.    Patel had detrimentally relied on UPenn to not violate Title VI for the review of his UPenn law application.

185.    Wherefore plaintiff demands judgment against UPenn in the sum of $400,000,000 in compensatory damages, $4,000,000,000 in consequential damages.

### Claim 43. Quantum meruit

186.    Plaintiff incorporates the paragraphs above.

187.    UPenn undergraduate program received undergraduate applications and students.

188.    UPenn's decision was found by the Supreme Court to be detrimental to Patel's application of UPenn undergraduate admissions in violation of Title VI.

189.    Patel had detrimentally relied on UPenn to not violate Title VI for the review of his UPenn undergraduate admissions.

190.    Wherefore plaintiff demands judgment against UPenn in the sum of $400,000,000 in compensatory damages, $4,000,000,000 in consequential damages.

### Claim 44. Quantum meruit

191.    Plaintiff incorporates the paragraphs above.

192.    UPenn law school program received law school applications and students.

193.    UPenn's decision was found by the Supreme Court to be detrimental to Patel's application of UPenn law school admissions in violation of Title VI.

194.    Patel had detrimentally relied on UPenn to not violate Title VI for the review of his UPenn law application.

195.    Wherefore plaintiff demands judgment against UPenn in the sum of $400,000,000 in compensatory damages, $4,000,000,000 in consequential damages.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against each defendant in the sum from the damages above in dollars and costs, to be calculated and categorized during and after trial, and the following types of damages.

196.    Interests.

197.    Costs.

198.    $11 billion dollars in aggregate damages.

199.    Oppressive damages.

200.    Equitable Relief – order each defendant to issue an apology to Plaintiff. § 1651.

201.    This complaint does not cause *res judicata*.

202.    Any other relief that the court thinks is proper.

Respectfully submitted,

/s/ Raj Patel
Rama CCX
T.E., T.E. Mr. Raj K. Patel, AA, BA (*Pro Se*)
4330 Strathmore Lane
Zionsville, IN 46077
Boone County
317-740-8001 (cell)
rajp2010@gmail.com
www.rajpatel.live

T.E. Mr. President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)

T.E. Mr. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)

Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017

Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010

Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. 2014

J.D. Candidate, Notre Dame L. Sch. (2015-17)

Volunteer, Barack Obama for America (2008)

Intern, Jill Long Thompson for Governor (2008)

* Political Science and Religion (*cum laude*) of Emory University 2014

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania ▾

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| THE UNITED STATES and THE UNIVERSITY OF PENNSYLVANIA | ) ) ) ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    UNIVERSITY OF PENNSYLVANIA
c/o Wendy S. White
FMC Tower at Cira Centre South
2929 Walnut Street, Suite 400
Philadelphia, PA 19104-5099
Tel: (215) 746-5240
Fax: (215) 746-5301/5222
wendy.white@ogc.upenn.edu

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Raj K. Patel
4330 Strathmore Lane
Zionsville, IN 46077
rajp2010@gmail.com
317-740-8001

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____04/07/2024_____       _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Pl.-Raj K. Patel's forgoing filing on 4/4/2024 to below individuals via the clerk of court after being approved for *IFP*:

**THE UNITED STATES**
**c/o Merrick Garland**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**c/o Jacqueline C. Romero**
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Telephone: (215) 861-8200
Fax: (215) 861-8618

**UNIVERSITY OF PENNSYLVANIA**
**c/o Wendy S. White**
FMC Tower at Cira Centre South
2929 Walnut Street, Suite 400
Philadelphia, PA 19104-5099
Tel: (215) 746-5240
Fax: (215) 746-5301/5222
wendy.white@ogc.upenn.edu

         Respectfully submitted,

         /s/ Raj Patel
         T.E., T.E. Raj K. Patel (*Pro Se*)
         4330 Strathmore Lane
         Zionsville, IN 46077
         Boone County
         317-740-8001 (cell)
         rajp2010@gmail.com
         www.rajpatel.live

Dated: April 4, 2024

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

THE EXCELLENT THE EXCELLENT RAJ K. PATEL

**(b)** County of Residence of First Listed Plaintiff    Boone
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

THE UNITED STATES and THE UNIVERSITY OF PENNSYLVANIA

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [ ] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [×] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [×] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 usc 2000d and common law contracts

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   3,000,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [×] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 4/7/2024 | /s/ Raj K. Patel |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.